Mr. Clerk, will you call the next case, please? Crete 11-06-36, Gregory Simmons, Appellant Shane Boyles, v. The City of Pekin, et al., Appellee Michael Murphy Mr. Boyles Thank you also for granting oral arguments in this case. Please, Mr. Clerk. The plaintiff, the appellant before you, is here today because he was dismissed out of court prematurely, too quickly, under 2619 and with prejudice without need to re-file. We, of course, realize we cannot change the record, the facts of the record, the pleadings, that sort of thing. But it's our primary argument that statute of limitations had not run for breach of contract claim. And it's our argument that there was enough there in the complaint, that there was enough there, it was sufficient to allow at least that cause of action, breach of contract claim, to proceed. There are four elements to a breach of contract claim. You have to show a valid and enforceable contract, performance by the plaintiff, breach by the defendant, and injury to the plaintiff. Without question, two of those four elements are present in the complaint. The first element, although the complaint does not say breach of contract, and we recognize that, it does specifically and repeatedly mention a collective bargaining agreement. We think there is enough there, at least to proceed with a breach of contract claim based upon a breach of that collective bargaining agreement. And because this is a fact-pleading state, it really doesn't matter if the complaint says the magic words breach of contract or not. That's a conclusion of law. What matters is whether or not there are enough facts alleged. We believe there was enough there in the complaint to proceed with a breach of contract claim. Again, we understand that this is not the forum to raise new issues or new arguments. But the standard is whether or not the pleadings or the complaint raises those issues before the trial court. And we believe that there is enough there in the complaint itself that the breach of contract claim should have been allowed, at least the plaintiff should have been allowed to amend consistent with those allegations that are present in the complaint to proceed. Without a doubt, it's weak. Without a doubt, it's thin. But we believe that it is sufficient and that there is enough there. And the facts were alleged that the breach of contract claim should have been allowed to proceed. Secondarily, there's this idea of a constitutional tort. And again, we realize we cannot change the record. But it appears that the complaint asserts what would traditionally be a Section 1983 claim, although Section 1983 of federal law is not mentioned in the complaint. But it does mention things like hostile work environment and that sort of thing. And it does mention rights under the Illinois Constitution. And you can still pursue a Section 1983 claim based upon rights which do arise under the Illinois Constitution. Again, we don't see any reason why a plaintiff could not have amended the complaint in the trial court to specifically allege a Section 1983 claim, which you can do in state court. Did you ever seek relief to amend in state court? I don't believe they did on the record. Again, I wish the record were different. And I wish they had, because generally those are granted as a matter of course. But from my review of the record, I don't recall that Mr. Baker had actually requested leave to amend for the trial court. With our position, there was also a genuine issue of material fact with respect to when the claims accrued, making summary judgment premature. And we have referenced this court's order, I believe it was Rule 23 order, which is part of an ongoing series of contractual, administrative, etc. litigation involving Mr. Simmons' employment over a period of several years. It's our position that if this court had reached a different result in that case, if it had affirmed a 20-day suspension that was imposed on Officer Simmons, that would have more or less prevented several of the allegations here in the complaint. So it's our position that those claims did not accrue until this court reversed the 20-day suspension, because at that point it appeared as though the 20-day suspension was valid and then he had done something wrong. But once that 20-day suspension was vacated and there was no other discipline imposed as a result of another administrative proceeding, it's our position that the claims didn't accrue until we knew for sure that the 20-day suspension was invalid. And that was in October of 1989. And this complaint was filed within two years of that date. So it's our position that plaintiffs should have been allowed to amend to pursue that Section 1983 claim, because we don't believe it accrued until October of 2009, because if this court had affirmed a 20-day suspension, it would seem that all of the actions that the government had taken probably were reasonable, or that they had probable cause to take those actions. So you're saying that if we use the date of October 9, 2009, or October 6, 2009, that a two-year statute of limitations applies to that as opposed to the one-year Auditory Remuneration Act? Correct. Your argument is that Mr. Simmons brought the suit to escape from the 20-day suspension, correct? In a prior case.  Correct. And until that determination, these other actions could not be brought? I mean, obviously he brought a complaint saying that the suspension itself was unwarranted and reversible. Right. Well, I guess the question is, what can you join with in an administrative review action? It was an administrative review that ended up before the court. We've cited several cases in our brief that stand for the proposition that you're not supposed to attack the substance of what was before the agency, that the administrative proceeding is supposed to run its course, and then by statute you have to file an administrative review to challenge that. I suppose it's possible that when he filed the administrative review within that 35-day period, he could have brought all those other claims at that point. But there was also the second administrative proceeding, which the administrative agency acquitted. It was complex, very complex. There should have been maybe some more foresight or maybe pleading things that maybe should have been dismissed, but at that point, if they had been dismissed because they weren't right, would he be stopped from pleading them subsequently? I don't know the answer to that question either, but I think arguably he could have been. It may have been Rick Shinakata. We think there's another problem with the court's order below. We think it's dicta where the court mentioned that it would have also dismissed under Section 2615. But we think, at least reading that, there's a passage in there where the court says that they would have dismissed because Plaintiff failed to allege a cognizable cause of action, basically. We think that's a little bit inconsistent with the idea that he could not have pleaded any cause of action or that the cause of action that he did plead was barred by a statute of limitations because if there wasn't a cognizable cause of action, how could you identify what the proper statute of limitations would be for? So we think there's some inconsistency there in what the trial court did order, but we did not challenge the 2615 because we do believe it's dicta. The court said it would have, but it did not dismiss for that reason. What we're asking is that this—well, our argument is that this matter should not have been dismissed with prejudice so early on, and we're seeking remand to the trial court below to amend the complaint. Any questions? Thank you, Mr. Boyles. Mr. Murphy? Thank you, Your Honor. May it please the Court? Michael Murphy on behalf of all the defendants in this case, the city of Pico, and Tim Gillespie, Chief of Police, James Brecker, Deputy Chief of Police, and Ted Miller, Deputy Chief of Police. We're asking the Court to affirm the ruling of the trial court dismissing all the plaintiff's claims with prejudice. Now, it is important to note what was actually alleged during the trial court. As counsel for plaintiff noted, the complaint made clear that he was attempting to pursue a claim against the city and its officers solely based on the Illinois Constitution. Could you speak up just a little bit? Yes, sir. I apologize. Less for amplification than recordings. Yeah, that won't increase the volume. Oh, okay. You have to do it yourself. Okay. The claim made was solely based on the provisions of the Illinois Constitution governing free speech and assembly. He claimed that he was a member of a committee and in the process of collectively bargaining a new collective bargaining agreement, he was a member of the union and he was participating in those discussions, and he alleged that members of the management, after hearing his objections to their various proposals, took retaliatory acts against him in the course of his appointment. According to plaintiff, these actions took place in 2005 and 2006, with the last conduct by any defendant on March 28, 2006, and the complaint wasn't filed until almost five years later, March 2011. There's no dispute the city and its officers are within the Tort Immunity Act, and that act has a well-defined statute of limitations. Any civil action has to be filed within one year. Civil action is defined in the statute of limitations provision as any action, whether based on the common law or statutes or constitution of the state. Injury is even defined as any injury alleged in any civil action, whether based on the constitution of the United States or the constitution of the state of Illinois. Based on this crystal clear statutory language, and based on the fact that the only claims the plaintiff was presenting in the trial court were claims based on the Illinois Constitution against a local public entity and its employees, the trial court properly dismissed the complaint based on the one-year statute of limitations because no conduct was alleged earlier than four years before the case was filed. The circuit court's decision should be affirmed on that basis alone. Counsel for the plaintiff mentioned the 2615 issue. We did also argue, we did also brief, whether there even was a cause of action under the freedom of speech and freedom of assembly provisions of the Illinois Constitution, which is what the plaintiff was claiming. We argued that the Tever Law case from the first district controlled, and because there was no self-execution language in those provisions of the Illinois Constitution, the drafters of the Constitution did not intend for there to be a private right of action under those provisions. And therefore, the plaintiff failed to state the cause of action under Illinois law. The plaintiff argued that below. He was unable to cite any case showing that there was such a cause of action. And the court did rule in the alternative, in addition to the statute of limitations issue, that even if the claim was timely, it would be dismissed because there is no such claim. Counsel for the plaintiff argues that that was dictum. Well, it was in fact argued below. It was briefed by the parties below. It wasn't just a remark by the way or an aside that nobody had raised, that the court was just noting for its own benefit. It was judicial dictum, an expression of opinion on a point argued by counsel and deliberately passed on by the court, even if it was not essential to the disposition of the case because the court also ruled that the statute of limitations was part of the case. Therefore, that is an additional basis to affirm the circuit court's ruling. It is not inconsistent to say that there is no legally cognizable cause of action and say you have barred that cause of action under the statute of limitations because all you have to do is read the statute that says that claims under the Illinois Constitution, if there are any, are within that statute of limitations and are therefore barred by the one here, the statute of limitations. I do also want to respond to some of the arguments presented by the plaintiff here. The plaintiff alleges that, or claims now, that what he was really trying to do was allege a breach of contract claim or what he would like to have done was allege a breach of contract claim. The record certainly does not support that. The complaint doesn't say breach of contract. No contract was attached to the complaint. No contractual provisions were alleged in the complaint. No breach of any contractual provisions were alleged in the complaint. I explained the situation of the collective bargaining agreement to you because the reason the collective bargaining agreement was referenced in the complaint was that the plaintiff was alleging that his rights to free speech were violated or he was retaliated against for exercising those rights in the context of negotiating that collective bargaining agreement. Not that that agreement was somehow breached at some point or that there was some breach of any specific provision of that agreement. Instead, it was merely referenced in relation to the free speech claim that the plaintiff was attempting to make under the Illinois Constitution. He referenced his salary and his employment benefits and economic expectancies as purported damages based on the retaliatory conduct alleged on the part of the defendants. So our position is, of course, that that argument is waived because it was never raised in the trial court below. As far as amending to allege that, that was never requested in the trial court below either and we certainly think that that has been waived as well. The plaintiff also claims that perhaps this was a section 1983 claim under 42 U.S.C. section 1983. The plaintiff had just admitted in the midst of the briefs that that statute was never cited in the complaint. If it were, we certainly wouldn't be standing here today. We would have removed the case to federal court and would have proceeded there. And in any event, it still would have been untimely because as counsel conceded, there's a two-year statute of limitations for those claims. The one-year statute of limitations in the Tort Amendment Act can't trump Congress' statute and the statute of limitations applied by the federal courts, but it's still a two-year statute of limitations. Again, the last conduct alleged was March 28, 2006, well after two years. So to try to get within two years, not even one year, but two years, whereas the one-year statute of limitations in the Tort Amendment Act actually applies because there was no federal claim made. In fact, what we have here is a possible federal claim that was filed too late. The plaintiff perhaps had a claim under 42 U.S.C. section 1983 for violation of the federal constitution, the first amendment to the federal constitution, and didn't file it within two years. So instead, he attempted to claim an action under the Illinois constitution under analogous provisions of free speech and freedom of assembly, which as we know doesn't exist and in any event would be time-bothering. So the plaintiff mentions this Rule 23 order from this court, and somehow this is supposed to be the accrual date of his claim. The plaintiff's argument suggests that the plaintiff took an administrative review of the retaliatory actions that he's claiming in this complaint by the defendants, and then that went to the Board of Police and Fire Commission, and then went to the circuit court, and then went up to this court. That simply is not the case. There was not an administrative review of the conduct alleged by the defendants in May 2005 and March 2006. The appeal in this court didn't have any relationship to the allegations that he was retaliated against for speaking out on behalf of his union members and voicing his opinions as to the new collective bargaining agreement or proposals that were being made by the management. Instead, that Rule 23 order related to an order long past any conduct alleged in this complaint from January 2007 from the Chief of Police to the plaintiff to turn over certain mental health information related to his fitness for duty. And this court did eventually say that that order was unlawful because it made him give too much information and private information, but that doesn't mean that that has any effect on the statute of limitations in this case. The statute of limitations in this case was when the activity happened for plaintiff alleges he was retaliated against. That tolling or continuing tort or any of these issues related to this Rule 23 order were also never raised in the trial court below. And I think you may have noted that this complaint wasn't filed until 2011. That order was in 2009. The conduct that was based on that eventual administrative review was in 2007. So the plaintiff were, in fact, relying upon that. He certainly had the opportunity to allege it in this case and didn't. So that argument was once again waived and certainly is without merit. Finally, the plaintiff asked for leave to now amend the complaint to cure all these deficiencies. He never did ask to do that in the trial court. Perhaps he would have been allowed to down there, but he didn't. That's not an issue that was raised and not an issue that was ruled on. Again, we believe that's been waived. There's no basis to allow amendment now. It would be unjust to my clients to allow this case to now go back and start completely over with these newly minted theories that were never raised at the trial court level. We certainly object to that and would ask the court to deny that request and affirm the ruling. Is there a court dismissing? Thank you, Mr. Murphy. Thank you. Are there questions? I guess not. Thank you, counsel. Mr. Boyle, is there any rebuttal? Yes, sir. I mentioned this a third time. You probably heard that today. The complaint, without question, it alleges that paragraph 43, and I think there's a 43 to each of the four counts, the city violated the rights of Simmons to both free speech and association as protected under Article I of the Illinois Constitution. It definitely says that, but it goes on. It says in the next paragraph that in addition to the loss of certain liberties to which he's entitled to protection under the Illinois Constitution, Simmons has lost certain economic benefits arising out of his employment expectancies with the city. That's why we think there's enough there for a breach of contract claim. I think we all understand this. An employee cannot just assert a right to a continued property interest in their employment unless there's an expectancy, a legitimate expectancy, and generally that's a contract. And the contract is discussed time and again in the early paragraphs of the complaint. So we think there's enough there that they have alleged a breach of the contract because it does allege that he performed well. It does allege that the defendants did not comply with their end of the bargain, for lack of a better term. So we think there's enough there for a breach of contract claim. The idea that this is wholly new or a surprise to the defendants is also false. This was a course of conduct that ended up in two different administrative proceedings. One ended up in this court and another didn't. So the idea that this is wholly new or a surprise or that sort of thing to the defendants is false. They fully know what happened. And the trial court below is aware of what happened in the other cases. So we think there's enough there. Granted, we realize that certain things have been mentioned in the complaint, but we think there is enough there that this court could bring it back to the trial court below for further proceedings and that's why we're asking. Thank you, Mr. Boyles. Thank you both for your argument today. We will take this matter under advisement and get back to you with a written decision within a short day. And I'll now take a short recess.